NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JUAN FRANCISCO VEGA,            )
                                )
          Petitioner,           )
                                )
v.                              )      Case No. 2D16-3065
                                )
DEPARTMENT OF CHILDREN AND      )
FAMILIES,                       )
                                )
          Respondent.           )
_____ )

Opinion filed March 31, 2017.

Petition for Writ of Mandamus to the Circuit
Court for DeSoto County; Kimberly Bonner,
Judge.

Juan Francisco Vega, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jay E. Silver, Assistant
Attorney General, Tampa, for Respondent.


VILLANTI, Chief Judge.


          Juan Francisco Vega, who is civilly committed to the custody of the

Department of Children and Families pursuant to the Jimmy Ryce Act,[1] initiated this

case by filing a petition for writ of habeas corpus in the circuit court.  Vega argued that

_____
          [1]§§ 394.910-.932, Fla. Stat. (2015).

he was entitled to immediate release because the Department had not been conducting the annual mental health examinations required by section 394.918(1), Florida Statutes (2015). The circuit court denied Vega's petition, and he appealed.

We converted the appeal to a petition for writ of mandamus, see Jackson v. State, 802 So. 2d 1213, 1218 (Fla. 2d DCA 2002), and we ordered the Department to show cause why this court should not issue a writ directing it to comply with section 394.918(1). In response, the Department filed copies of treatment progress reports, as well as letters it had provided to Vega informing him of his right to have an independent mental health evaluation. Vega replied by filing copies of transcripts of the annual review hearings held by the court pursuant to section 394.918(3).

It is clear from both the treatment progress reports filed by the Department and the hearing transcripts filed by Vega that, since his commitment, Vega has affirmatively refused to be examined by the Department's mental health evaluators for purposes of the required annual review. But axiomatically, Vega may not affirmatively refuse to be examined and then use the lack of an examination report to argue that the Department is not fulfilling its statutory obligations under section 394.918(1). Therefore, we deny the petition for writ of mandamus.

Petition denied.


CASANUEVA and KELLY, JJ., Concur.